IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH EDWARD ADCOX,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT WONG[1], Acting Warden of<br>San Quentin State Prison,<br><br>    Respondent. | No. CIV-F-92 5830-OWW-P<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER FOLLOWING STATUS CONFERENCE<br>AND SETTING BRIEFING SCHEDULE** |

      Pursuant to the Guide to Case Management and Budgeting in Capital Habeas Cases, Eastern District of California, Fresno Division, counsel for Petitioner Keith Edward Adcox ("Adcox") and Respondent Robert J. Wong, as Acting Warden of Quentin State Prison (the "Warden") conferred and presented to the Court a Proposed Briefing Schedule. This matter came before the Court March 11, 2009, at 12:15 p.m., the Honorable Oliver W. Wanger presiding. Adcox was represented by Assistant Federal Defender Lissa J. Gardner and appointed CJA counsel Wendy Peoples. The Warden was represented by Deputy Attorney General George M. Hendrickson. All counsel appeared telephonically.

      Having addressed all the topics to be discussed at the public portion of the status conference, the Court excused Mr. Hendrickson from further participation so matters of funding and budget preparation could proceed ex parte with Ms. Gardner and Ms. Peoples. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires a showing of the need for confidentiality. Since budget applications require disclosure of matters protected by the attorney-client and/or work product privileges, the need for confidentiality is inherent in the budgeting process. *See* Fed. R. Civ. R. 26(b)(3).

---

[1] Respondent Robert Wong is substituted for former San Quentin State Prison Warden Robert L. Ayers. Fed. Rules Civ. Pro., Rule 25(d).

Accordingly, budget forms and supporting documentation are filed under seal and court proceedings, though reported, similarly are maintained under seal.

Based on discussion between the Court and counsel at the status conference and the parties proposed stipulation regarding briefing, the following schedule is established for the future litigation of this case:

1. As soon as possible after the Court's ruling upon the exhaustion status of the claims in the Petition, but no longer than 60 days, Adcox may file a motion for abeyance of federal proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The Warden may file an opposition within 30 days after the filing of the motion. Adcox may file a reply within 14 days after the filing of the opposition.

2. Concurrent with the filing of his reply to the Warden's opposition to the motion for abeyance, Adcox shall file, under seal, his proposed budget for Phase III.

3. If abeyance for further exhaustion is denied, Adcox may file, within 90 days after the order, a memorandum of points and authorities in support of the claims which addresses the merits of the claims and any procedural defenses raised by the Warden. The Warden may file a responsive memorandum within 90 days of the filing of Adcox's memorandum. Adcox may file a reply within 30 days after the filing of the Warden's memorandum.

4. Within 60 days after the filing of Adcox's reply memorandum on the merits or the expiration of time to file the reply memorandum, Adcox may file a motion for an evidentiary hearing and for further factual development. The Warden may file a response within 60 days after the filing of Adcox's motion. Adcox may file a reply within 30 days after the filing of the Warden's response.

IT IS SO ORDERED.

Dated:   **March 12, 2009**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

**Order Following Status Conference and Setting Briefing Schedule**          *Adcox v. Wong,* **1:92-CV-5830-OWW-P**