UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH EDWARD ADCOX,<br><br>    Petitioner,<br><br>    vs.<br><br>ROBERT WONG*, Acting Warden<br>of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:92-cv-5830-OWW<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>Order Regarding Exhaustion of<br>Claims in Second Amended Petition |

Petitioner Keith Edward Adcox ("Adcox"), a state prisoner facing capital punishment, filed in federal court seeking habeas relief December 1, 1992. J. Jeffries Goodwin, Esq., and Eric K. Fogderude, Esq., were appointed as lead and second counsel, respectively, to represent Adcox in his federal proceedings. Adcox filed his federal petition for writ of habeas corpus April 3, 1995, and filed an amended petition September 7, 1995. Seven claims, and portions of four other claims, were denied on the merits June 7, 1998. Fifteen claims were determined to be completely unexhausted, and six claims were found to be partially

_____

* Robert Wong is substituted for his predecessor as Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

unexhausted. The proceedings were subsequently held in abeyance pending the exhaustion of state remedies. Adcox filed his state exhaustion petition October 8, 1998.

While the matter was pending state exhaustion, Mr. Goodwin moved to withdraw as counsel, and the Federal Defender for the Eastern District of California, Capital Habeas Unit, was appointed in his place as lead counsel March 1, 2002. The California Supreme Court did not hold an evidentiary hearing and summarily denied Adcox's state exhaustion petition, both on the merits and as untimely, January 3, 2007. Upon resumption of the federal proceedings, Wendy C. Peoples, Esq. was substituted as co-counsel in place of Mr. Fogderude. Adcox filed his second amended petition for writ of habeas corpus February 28, 2008. Respondent Robert Wong ("the Warden") filed an answer January 26, 2009.

The parties filed a Joint Statement on Exhaustion February 25, 2009, agreeing that nine claims or subclaims are unexhausted, and that three other claims are unexhausted to the extent they rely on other unexhausted claims. The parties do not agree about the exhaustion status of another ten claims or subclaims. The parties submitted a stipulation to a briefing schedule for the issue of abeyance, for submission of merits briefs, and for motions for discovery and evidentiary hearing. The parties' proposed briefing schedule was adopted by the Court in an order filed March 11, 2009.

/////

CLAIMS AGREED UNEXHAUSTED

1. Claim III: The trial court's denial of change of venue violated Adcox's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments, insofar as it asserts an Equal Protection violation.[1]

2. Claim V (A)(4)-(6): Prosecutorial Misconduct during the Guilt Phase Deprived Adcox of a Fair Trial; Omissions of Trial Counsel and Court in Failing to Curb this Misconduct Compounded Prosecutorial Overreaching: (4) Failing to Correct and Capitalizing on Misleading Testimony; (5) Urging Inconsistent Theories at Petitioner's and Love's Separate Trials; and (6) Failing to Disclose Relevant, Material, and Exculpatory Information.

3. Claim VI: The trial court's improper admission of Annette Tillery's testimony that was the product of an unconstitutional plea bargain violated Adcox's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments, insofar as it alleges ineffective assistance of counsel for failing to request a special prosecutor.

4. Claim XVI: Ineffective assistance of appellate counsel deprived Adcox of his rights to Due Process, Equal Protection and to present an affirmative appeal, insofar as it is related to Claim XX [Ineffective Assistance of Counsel], except for allegations relating to XX(A)(2)(c)(ii) [Giudice's failure to adequately cross-examine prosecution witness Michael Adcox].

5. Claim XX(A)(2)(a)-(b): Ineffective assistance by Giudice: (a) failure to conduct adequate voir dire; and (b) failure to raise the prosecution's conflicting roles as an additional ground for a change of venue or for other protective measures.

---

[1] This portion of this claim was previously denied on the merits June 7, 1998. Adcox includes it here to avoid confusion and to preserve possible appellate review.

6. Claim XX(A)(2)(c)(iii): Ineffective assistance by Giudice, failure to adequately cross-examine prosecution witness Michael Adcox.

7. Claim XX(A)(2)(d)(i)-(iii): Ineffective assistance by Giudice, failure to present evidence consistent with the theory of defense: (i) from Bob Heitman; (ii) from Rhonda Voorheis; and (iii) of Love's flight.

8. Claim XX(A)(2)(g): Ineffective assistance by Giudice: (g) failure to request jury poll to determine whether jurors were exposed to prejudicial information.

9. Claim XX(A)(3): Cumulative impact of deficient performance at guilt, to the extent this claim relies on unexhausted allegations in Claim XX(A) [Ineffective assistance throughout guilt phase].

10. Claim XXV: Vague jury instructions permitted the jury to consider Adcox's youth in aggravation but not in mitigation, to the extent this claim relies on constitutional provisions other than the Eighth Amendment.[2]

11. Claim XLIII: Adcox's convictions and death sentence are unconstitutional because the extensive delays in appellate and post-conviction proceedings have led to the destruction and loss of material evidence and the lengthy delay constitutes cruel and unusual punishment.

12. Claim XLIV: The state trial court lacked jurisdiction over offenses that occurred in a National Forest.

/////

---

[2] This claim also was previously denied on the merits, but is included for clarity and to preserve possible appellate review.

CLAIMS WHERE THE PARTIES DISPUTE EXHAUSTION STATUS

1. Claim III: The trial court's denial of change of venue violated Adcox's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments, insofar as it includes references to newspaper articles that were not presented at trial or in state habeas petitions.

The Warden asserts this claim was presented on direct appeal, and as such was based solely on the trial record. The Warden observes the consideration of new evidence not previously presented to the state court renders a claim unexhausted if it substantially alters the claim, but contends since such a determination can depend on the merits of the claim, resolution of this issue could properly wait until a later stage in the litigation. Adcox responds the bulk of news articles referenced in support of his federal claim were presented to the trial court in support of the change of venue motion, and presenting additional facts does not evade the exhaustion requirement when the substance of the claim was presented to the state court. Adcox admits that any argument about the ultimate admissibility of supplementary evidence is premature at this stage of the proceedings.

This claim was addressed on direct appeal, *People v. Adcox*, 47 Cal. 3d 207, 230-234 (1988), and was presented in the 1990 state habeas petition, section IV of the Points and Authorities. That additional news articles were presented in support of the federal petition does not change the fundamental nature of this claim. Claim III is exhausted.[3]

---

[3] The only issue currently before the Court is whether the claims in Adcox's second amended petition are exhausted. No determination is made about the ultimate merits of any of the disputed claims, nor about the admissibility of any evidence.

2. Claim V(A)(3): Prosecutorial misconduct during the guilt phase deprived Adcox of a fair trial; Omissions of trial counsel and court in failing to curb this misconduct compounded prosecutorial overreaching: (3) The prosecutor engaged in gross misconduct in trying Adcox in the press, inflaming public passion and prejudice, and in violating the court's direct order to limit publicity.

The Warden asserts the references to the prosecutor's statement in the supplemental brief on direct appeal and the state habeas petition did not constitute a fair presentation of this claim, and thus it is unexhausted. Adcox replies the claim was properly exhausted in the supplemental brief on direct appeal, and in his first state habeas petition, which included the articles at issue as exhibits. Adcox contends that although the state petition focused on the trial court's inaction in response to the prosecutor's misconduct in violating the gag order, the violation of Adcox's right to a fair trial was a necessary component of the claim.

This claim was presented in Appellant's Opening Brief, Claim XVIII, and the Supplemental Brief, pages 21 through 33, on direct appeal, and in the 1990 state habeas petition, pages 21 through 27. Although the claim presented to the state was not titled a prosecutorial misconduct claim, but rather presented as a trial court error claim, the underlying basis of the asserted trial court error was alleged prosecutorial misconduct - the allegedly prejudicial comments by the prosecutor to the press in violation of the gag order. Claim V(A)(3) is exhausted.
/////

3. Claim IX: The trial court's confusing, misleading and inadequate instructions concerning accomplice testimony and adequacy of testimony of witness Tillery as proof of any fact violated Adcox's Constitutional rights, to the extent that it alleges a violation of the right to a reliable guilt determination.

The Warden asserts the grounds of a right to a reliable guilt determination, to accurate instructions, and to instruction that provide the jury with notice of what facts they have to find for conviction, are unexhausted. Adcox argues the allegation of a Due Process violation implicitly includes the right to a reliable guilt determination, under *Beck v. Alabama*, 447 U.S. 625, 643 (1980), and that explicit reference to the Due Process Clause is sufficient to exhaust the legal grounds which impact on a reliable determination of guilt.

This claim was addressed on direct appeal, *People v. Adcox*, 47 Cal. 3d 207, 241 (1988), and was presented in the 1990 state habeas petition, pages 31 through 32. The claim on direct appeal asserted an error of state law and alleged the error rendered the trial fundamentally unfair. The habeas claim asserted the error violated Adcox's right to due process, to a fair and impartial trial, to confrontation, to the presumption of innocence, to silence, to put the State to its burden of proof, to be free from cruel and unusual punishment, and to a sentence based on accurate information, under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and under state law.

The high court in *Beck* determined that Alabama's prohibition on giving lesser included offense instructions in capital cases, leaving the jury the choice of either death or acquittal, "violates both the Eighth Amendment . . . and the Due Process Clause of the Fourteenth Amendment by substantially increasing the risk of error in the factfinding process." 447 U.S. at 632, 637-638. Adcox's claim on

state habeas, at page 31, asserted the instruction "disabled the jury from properly evaluating Tillery's crucial accomplice testimony" and alleged errors of due process, fair and impartial trial, confrontation, presumption of innocence, silence, and burden of proof. This allegation, along with the explicit charges relating to the guilt phase, encompasses the claim of an unreliable guilt determination. As the United States Supreme Court stated, the legitimacy of a capital sentence is inextricably intertwined with the legitimacy of the guilt determination. *Herrera v. Collins*, 506 U.S. 390, 433 (1993). Claim IX is exhausted.

4. Claim X: The trial court's instructions requiring jury to unanimously consider guilt or innocence of greater charge before determining Adcox's guilt or innocence of any lesser charge violated Due Process, to the extent it alleges violations of the presumption of innocence, to conviction only upon proof beyond a reasonable doubt, and to a fair, reliable and accurate guilt determination by an independent jury.

The Warden asserts this claim is unexhausted as to the presumption of innocence, to conviction only upon proof beyond a reasonable doubt, and to a fair, reliable and accurate guilt determination by an independent jury. Adcox responds this claim was raised on direct appeal, where the assertion that the instruction at issue violated due process by diluting the reasonable doubt standard and improperly skewing the deliberations in favor of conviction sufficed to exhaust the disputed legal grounds. Adcox further argues the allegation of a Due Process violation implicitly includes the right to a reliable guilt determination, under *Beck v. Alabama*.

As noted above, the Due Process Clause of the Fourteenth Amendment includes the right to reliability in the determination of guilt. *Beck v. Alabama*, 447 U.S. 625, 632, 637-638 (1980). The argument on direct appeal, Appellant's

Opening Brief, Appendix B at page 228, asserted the instruction violated the "fundamental statutory rules as well as . . . federal constitutional right[] to due process." This allegation and the accompanying argument was sufficient to draw the state court's attention to the overall reliability of the guilt determination, including the right to a presumption of innocence, to conviction only on proof beyond a reasonable doubt, and to a fair, reliable and accurate guilt determination by an independent jury. Claim X is exhausted.

5. Claim XVII: The trial court's failure to investigate the possibility that jurors were exposed to prejudicial newspaper articles containing statements made by the court and prosecutor in violation of court's gag order violated Adcox's Constitutional rights, to the extent it relies on news articles not presented to the state court.

The Warden asserts Adcox fails to state which news articles he relies on were presented to the trial court, and to the extent he relies on articles which were not before the trial court, those articles are irrelevant to show court error. Additionally, the Warden contends that substantial new evidence may not be considered on federal habeas, observing the consideration of new evidence not previously presented to the state court renders a claim unexhausted if it substantially alters the claim, but contending that since such a determination can depend on the merits of the claim, resolution of this issue could properly wait until a later stage in the litigation. Adcox responds any additional evidentiary support of this claim does not fundamentally alter the claim, and so the claim is exhausted. Adcox asserts all but one article have been previously presented to the state court as exhibits to the first state habeas petition, and the only new reference is an article which published the names of the jurors selected for his trial, which was included simply to support the point that the identity of the

jurors was common knowledge. Adcox admits any arguments about the ultimate admissibility of supplementary evidence is premature at this stage of the proceedings.

This claim was presented in the 1990 state habeas petition, section III of the Points and Authorities. That additional news articles were presented in support of the federal petition does not change the fundamental nature of this claim. Claim XVII is exhausted.

6. Claim XX(B)(4)(a): Denial of effective assistance throughout penalty phase: (4) failure to investigate and present compelling evidence concerning Adcox's background and record: (a) Adcox's difficult upbringing, to the extent it alleges facts not expressly presented to the state court.

The Warden argues not all of the factual allegations in the petition were presented in the state habeas petition, and that Adcox may not rely on substantial new factual allegations or evidence not presented in the course of his state proceedings, including the allegations that Adcox's mother suffered from hallucinations and schizophrenia. Adcox responds that although he did not expressly allege his mother suffered from schizophrenia and hallucinations, her severe mental health problems were described in some detail, and the additional information included in the federal petition has not substantially altered the claim. Adcox admits any arguments about the ultimate admissibility of supplementary evidence is premature at this stage of the proceedings.

This claim was presented in the 1990 state habeas petition, section I(C) of the Points and Authorities. That additional specific facts were presented in support of the federal petition does not change the fundamental nature of this claim. Claim XX(B)(4)(a) is exhausted.

7. Claim XX(B)(4)(b): Denial of effective assistance throughout penalty phase: (4) failure to investigate and present compelling evidence concerning Adcox's background and record: (b) California Youth Authority, to the extent it alleges facts not expressly presented to the state court.

The Warden argues not all of the factual allegations in the petition were presented during state proceedings, and that Adcox may not rely on substantial new factual allegations or evidence which were not presented, including the allegations that Adcox was unable to distinguish between fantasy and reality. Adcox replies any additional evidentiary support of this claim does not fundamentally alter the claim, and so the claim is exhausted. Adcox asserts he alleged counsel was deficient for failing to obtain records from the California Youth Authority ("CYA"), and summarized pertinent information from those records as well as presented expert opinion which relied on those records. Adcox contends the reference in the federal petition to a specific CYA record that noted Adcox's inability to distinguish between fantasy and reality does not substantially alter the claim. Adcox admits any arguments about the ultimate admissibility of supplementary evidence is premature at this stage of the proceedings.

This claim was presented in the 1990 state habeas petition, section I(C) of the Points and Authorities. That additional specific facts were presented in support of the federal petition does not change the fundamental nature of this claim. Claim XX(B)(4)(b) is exhausted.

8. Claim XX(B)(4)(c): Denial of effective assistance throughout penalty phase: (4) failure to investigate and present compelling evidence concerning Adcox's background and record: (c) shooting at inhabited dwelling, to the extent it alleges facts not expressly presented to the state court.

The Warden asserts not all of the factual allegations in the petition were presented during state proceedings, and that Adcox may not rely on substantial new factual allegations or evidence which were not presented, including the allegations of the names of the other persons involved and details of the incident. Adcox replies any additional evidentiary support of this claim does not fundamentally alter the claim, and so the claim is exhausted. Adcox contends the state petition alleged trial counsel was deficient for failing to object when the prosecutor mischaracterized Adcox's role in the prior shooting incident and by failing to offer evidence mitigating the offense, and that the state petition alleged the incident occurred as part of an ongoing feud. Although the federal petition provides slightly more detail about the feud and the circumstances of the offense, Adcox asserts the additional information does not substantially alter the claim, so it is exhausted. Adcox admits any arguments about the ultimate admissibility of supplementary evidence is premature at this stage of the proceedings.

This claim was presented in the 1990 state habeas petition, section I(E) of the Points and Authorities. That additional specific facts were presented in support of the federal petition does not change the fundamental nature of this claim. Claim XX(B)(4)(c) is exhausted.

9. Claim XX(B)(5): Denial of effective assistance throughout penalty phase:
   (5) failure to conduct adequate psychological and medical investigation, to the extent it alleges facts not expressly presented to the state court.

The Warden asserts Adcox may not rely on substantial new factual allegations or evidence which were not presented to the state court. Adcox asserts the substance of this claim was fairly presented in the first state habeas petition and contends that additional information does not substantially alter the claim, so it remains exhausted. Adcox admits any arguments about the ultimate

admissibility of supplementary evidence is premature at this stage of the proceedings.

This claim was presented in the 1990 state habeas petition, section I(B) of the Points and Authorities. That additional specific facts were presented in support of the federal petition does not change the fundamental nature of this claim. Claim XX(B)(5) is exhausted.

10. Claim XX(B)(7): Failure to Conduct Adequate Psychological and Medical Investigation: (7) cumulative impact of deficient performance, to the extent it relies on unexhausted allegations in other portions of Claim XX(B).

The Warden argues that, to the extent this claim incorporates any subsidiary subclaim that is unexhausted, this claim is also unexhausted. Adcox asserts all the subclaims of ineffective assistance of counsel at the penalty phase have been properly exhausted, so the cumulative impact subclaim is also exhausted.

None of the subclaims asserting ineffective assistance of counsel at penalty are unexhausted. Claim XX(B)(7) is exhausted.

IT IS SO ORDERED.

**Dated:   March 31, 2009**           /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE