UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH EDWARD ADCOX,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL*, Acting<br>Warden of San Quentin State Prison,<br><br>Respondent. | Case No. 1:92-cv-5830-OWW<br><br>DEATH PENALTY CASE<br><br>Order Granting Petitioner's Motion for Reconsideration of Order Denying Stay of Second Amended Petition (Doc. 153) and Motion for Leave to File Third Amended Petition (Doc. 154); and Vacating Merits Briefing Schedule |

Petitioner Keith Edward Adcox ("Adcox"), a state prisoner facing capital punishment, filed his initial federal petition for writ of habeas corpus April 3, 1995, which was found to contain unexhausted claims. The federal proceedings were held in abeyance pending state exhaustion. While on state exhaustion, lead counsel moved to withdraw, and the Federal Defender for the Eastern District of California, Capital Habeas Unit, was appointed. The California Supreme Court summarily denied Adcox's state exhaustion petition, both on the merits and as untimely, January 3, 2007. Upon resumption of the federal proceedings following the denial by the California Supreme Court, Wendy Peoples was

---

\* Michael Martel is substituted for his predecessor as Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

substituted in as co-counsel to represent Adcox.

Adcox filed his second amended petition February 28, 2008, and Respondent Vincent Cullen ("the Warden") filed an answer January 26, 2009. In a Joint Statement, the parties agreed that the second amended petition contained unexhausted claims. An order on exhaustion was issued March 31, 2009, finding the ten claims or subclaims, about which the parties did not agree regarding the exhaustion status, to be exhausted. Adcox filed his second motion for stay and abeyance, which the Warden opposed. Adcox's second motion for stay and abeyance was denied July 1, 2010, portions of two claims were dismissed as abusive, one claim was denied on the merits, and two other claims were dismissed as abandoned.

While Adcox's second motion for stay and abeyance was pending, he filed a fourth state habeas petition (case number S180912) with the California Supreme Court, presenting some of the unexhausted claims from the second amended petition, as well as presenting claims which were not included in the second amended petition.[1] The California Supreme Court directed that an informal response to the fourth state petition be submitted, which is anticipated to be filed March 17, 2011.

Adcox's Motion for Reconsideration

Adcox filed a motion for reconsideration of the order denying abeyance

---

[1] Adcox asserts the claim of cumulative error at guilt and penalty in the fourth state habeas petition is included in the second amended federal petition, albeit not with a separate heading. *See* second amended federal petition at page 40. For clarity, Adcox seeks to add the claim under a separate heading in the third amended federal petition. The section of the second amended federal petition cited by Adcox presents a prosecutorial misconduct claim, and incorporates by reference five other claims in the petition, but does not make a cumulative error claim.

2

July 19, 2010. Adcox argues reconsideration is appropriate since 1) he did not understand the Warden's briefing to be invoking abuse of the writ doctrine; 2) abuse of the writ applies only where a new petition is filed following final judgment on a prior federal petition; 3) if the standard of *Rhines v. Weber* does not apply then the correct standard is abuse of discretion; and 4) Claim VI should not have been dismissed as it was raised in the pending fourth state habeas petition and thus was incorrectly determined to be abandoned.

The Warden's Response

In response to Adcox's argument that abuse of the writ doctrine only applies to send or successive petitions, the Warden observes that federal courts have broad powers to prevent duplicative or unnecessary litigation, citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), and have the discretion to decline to permit repeated amendments. Fed. R. Civ. P. 15(a).

In response to Adcox's assertion that the new portion of Claim VI was raised in the new state habeas petition, the Warden agrees the claim was raised but contends that it is new and can only be added to the federal petition with leave of Court, which should be declined. However, this claim was included in the second amended federal petition, which was filed prior to the Warden's answer, and for which amendment was authorized. *See* Order Setting Date to Amend Federal Petition, issued February 20, 2007 (Doc. 95).

The Warden observes Adcox was sufficiently informed that the function of the previous stay was to exhaust his unexhausted claims, which he did in his third state habeas petition. The Warden contends that under the circumstances, the Court is well within its discretion to refuse Adcox permission to add new claims to the federal petition. Additionally, the Warden argues Adcox has failed to justify his delay in adding the new claims, contending the descriptions of how

information was discovered late do not demonstrate the information was unable to be discovered earlier. To the contrary, the Warden asserts all the new claims in the Second Amended Petition were disclosed by records which have long been available to Adcox. Further, the Warden argues Adcox has failed to show the new claims have merit. The Warden maintains Adcox also has failed to show why the information supporting his new claim of juror misconduct, raised in the fourth state habeas petition, could not have been obtained earlier.

In conclusion, the Warden requests the Court deny amendment of the federal petition to add the new claims: V(A)(4)-(5); the new portion of VI; XX(A)(2)(a)-(b); XX(A)(2)(c)(iii); XX(A)(2)(d)(i)-(iii); XX(A)(2)(g); and XX(A)(3).[2] The Warden agrees the new portion of Claim VI should not be dismissed as abandoned. The Warden urges the Court to deny reconsideration of its order denying a stay and abeyance.

Conclusion

The findings in the Order Denying Stay and Abeyance of the Second Amended Federal Petition denying Claims V(A)(4) and (5); Claims XX(A)(2)(a), (b), (c), (d), and (g), and Claim XX(A)(3) as abusive are reversed. The dismissal of Claim VI as abandoned is reversed. Although the Warden is correct that Adcox was sufficiently informed that the purpose of the previous stay was to present all his unexhausted claims to the state, the inclusion of the juror misconduct allegation in the Third Amended Federal Petition warrants reconsideration of Adcox's motion for stay and abeyance.

/////

---

[2] As noted above, these claims were included in Adcox's second amended federal petition, for which leave of court was granted.

4

Adcox's Motion for Leave to Amend

Adcox filed a motion for leave to amend his federal petition July 20, 2010, seeking to add two claims, one involving allegations of juror misconduct and one alleging cumulative error. Adcox asserts the factual basis for the juror misconduct claim was only recently obtained when the fourth state habeas petition was being investigated and drafted, and the cumulative error claim was inadvertently omitted from the second amended federal petition.

Adcox contends the juror misconduct claim is meritorious and warrants a second round of abeyance. Adcox asserts Juror Louis Castner received extra-record information: visiting what he thought to be the crime scene during the trial; making a conclusion, based on his observations of the scene, that Adcox's trial testimony was untrue; and discussing his observations and conclusion with other jurors. Adcox contends this extra-record information was extremely prejudicial to his credibility and defense, and rendered his trial fundamentally unfair. Adcox states that without Juror Castner's extraneous information, it is reasonably probable the jury would have credited his testimony, or at least would have harbored doubts about the identity of the actual shooter.

Adcox contends he has been diligent in raising the juror misconduct claim. Adcox asserts that Jurors Castner and Verbeet refused to talk to his investigators during state habeas or earlier federal proceedings, and that Juror Guinn (now Lee) could not be located. Adcox states that during the post-exhaustion drafting of the second amended federal petition in December of 2007, investigators re-contacted jurors who had previously declined to be interviewed and both Jurors Castner and Verbeet agreed to be interviewed. At this interview, Juror Castner revealed his visit to an area he believed to be the crime scene, his conclusions about Adcox's testimony, and that he told other jurors about visiting the area and

his opinions. A declaration was prepared for Juror Castner, but he refused to sign it and shortly after that passed away. Adcox states the juror misconduct claim was not presented at that time due to the need to gather confirming affidavits corroborating Juror Castner's account in light of his refusal to sign the declaration and subsequent death. Juror Verbeet's interview confirmed in part Juror Castner's admission to having visited the crime scene, and is supported by a signed declaration. Two years later, in February of 2010, Juror Guinn was located and interviewed. Juror Guinn provided a declaration of her experience, corroborating Juror Castner's account of his having visited the crime scene and discussing his conclusions with fellow jurors.

Adcox asserts the cumulative error claim reveals that the totality of errors at his trial prejudiced his conviction and sentence, and that consideration of the cumulative prejudicial effect is necessary. Adcox contends the cumulative prejudice of the errors merits relief.

Adcox observes that under Federal Rules of Civil Procedure, Rule 15(a) there is a presumption favoring amendment unless there is undue prejudice to the opposing party, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies with previous amendments, or futility of amendment. Adcox argues that none of these factors exist in this case, so amendment should be granted.

<u>The Warden's Response</u>

The Warden maintains Adcox has failed to show why the information could not have been obtained earlier, and further that principles of federalism dictate this court should not grant a stay based on allegations which have not been presented to it. However, this claim is included in the lodged document, Doc. 154-1 at Claim XLV, for which Adcox seeks leave to file as the Third

Amended Federal Petition.

Conclusion

In light of Adcox's new claim alleging juror misconduct, leave to amend his federal petition is granted. The Third Amended Federal Petition, lodged as Attachment #1 to Doc. 154 is authorized to be filed.

Merits Briefing Schedule

Following the July 1, 2010, denial of Adcox's motion for a seond stay, a schedule for briefing the merits of Adcox's second amended petition was established. Adcox has requested, and been granted, four extensions of time to file his merits brief.

In light of the reversals of the denials of portions of two unexhausted claims, the addition of two new claims in the Third Amended Federal Petition, and the granting of stay and abeyance on reconsideration, the merits briefing schedule is vacated.

Order

1. The denials of Claims V(A)(4) and (5), and Claims XX(A)(2)(a), (b), (c), (d), and (g), and Claim XX(A)(3) as abusive are reversed.
2. The dismissal of Claim VI as abandoned is reversed.
3. Adcox's motion for a stay of his federal proceedinga and a second round of abeyance is granted.
4. Adcox is granted leave to amend his federal petition a third time. The petition, lodged as Attachment #1 to Doc. 154, is authorized to be filed.
5. The merits briefing schedule established July 1, 2010, is vacated.
6. Adcox shall file quarterly status reports with this court until the state

proceedings on his fourth state habeas petition are concluded.

7. Adcox shall promptly notify this Court of any state court determination regarding his unexhausted claims.

IT IS SO ORDERED.

DATED:   March 9, 2011

                                                    /s/ Oliver W. Wanger

                                              Senior United States District Judge